No. 10,870.

WHITE *v.* PEOPLE.

Decided November 10, 1924.

Plaintiff in error was convicted of embezzlement.

*Reversed.*

1.  EVIDENCE—*Public Examiner's Report.* In a criminal prosecution for embezzlement, reports of public examiners covering the accounts in question, being mere ex parte statements of opinion, were inadmissible in evidence, the examiners not being called as witnesss.

2.  CRIMINAL LAW—*Conversion—Intent.* An unlawful and unexplained conversion will support an inference of felonious intent, but an unlawful conversion alone is never conclusive as against the defense of good faith supported by evidence of an honest claim of right.

3.  *Instructions—Conflicting.* In a criminal case, where two instructions given by the court are irreconcilable, as it is impossible to say which the jury followed, or what the verdict would have been but for the error, a reversal held imperative.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. RALPH L. CARR, Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. WAYNE C. WILLIAMS, Attorney General, Mr. HAROLD C. THOMPSON, Assistant, Mr. ELZIA JOHNSTON, for the people.

*Department* Three.

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to the penitentiary for a term of two to three years on a verdict of guilty of embezzlement. To review that judgment he prosecutes this writ.

Defendant was county judge and ex officio clerk of the

county court of Rio Grande county. As such he was indicted for having appropriated to his own use $2072.60 belonging to the county. His salary was fixed by section 2569, R. S. 1908 (L. 1899, p. 333, § 5), which provided that it should be paid quarterly out of the fees of the office actually collected, and not otherwise, and should be his only compensation. The county court, however, had jurisdiction in probate matters and the principal defense was that the money was honestly appropriated by defendant under a claim of right made in good faith and based upon section 1496, R. S. 1908 (L. 1889, p. 104, § 1). That such claim was erroneous is undisputed in the instant case. Had said section 1496 been applicable, defendant would have been entitled thereunder to an additional $500.00 per annum, provided the probate fees earned and collected amounted to that sum.

Certain reports made by public examiners from the office of the auditor of state (filed in the office of the county clerk and identified by him) covering the accounts in question were introduced in evidence over the objection of defendant. The examiners who made these reports were not called. The reports were mere ex parte statements of opinion, and were clearly inadmissible.

Defendant testified in his own behalf and asserted the good faith of the claim under which he had retained the funds in question. There was also evidence that he had consulted with the district attorney, the county attorney, private counsel and the state auditor, and had been advised by each that his position was correct.

Instruction No. 8, given by the court, reads as follows: "The court instructs the jury that when an act forbidden by law is intentionally done the intent to do the act is the criminal intent which imparts to it the character of the offense, and no one, who violates a law which he is conclusively presumed to know, can be heard to say that he had no criminal intent in doing it."

That may be a correct statement of the law of criminal intent, as applied to some offenses, and it may be without

error when applied to embezzlement, depending upon the facts of the particular case. *State v. Silva,* 130 Mo. 440, 463, 32 S. W. 1007; *State v. Lentz,* 184 Mo. 223, 241, 83 S. W. 970.

Each of the foregoing was an embezzlement case and in each the defense attempted was an intent to return the property embezzled. As the ability to do so, however, depended upon the success of certain speculations, the claim amounted to nothing more than an admission of the theft of a horse coupled with an intent to return the animal if at some future time the thief did not need him. It was merely in the nature of a demurrer to the evidence.

An unlawful and unexplained conversion will support an inference of felonious intent, but an unlawful conversion alone is never conclusive as against the defense of good faith, supported by evidence of an honest claim of right. Applied to the evidence in the instant case instruction No. 8 was an absolute bar to the defense of good faith. It avails nothing that it was corrected by another instruction. The two were irreconcilable and as it is impossible to tell which the jury followed and impossible to say what the verdict would or should have been but for the error, a reversal is imperative. *Bershenyi v. People,* 71 Colo. 432, 207 Pac. 591.

We are unable to agree with counsel for defendant that upon a proper construction of the law of the case there is no evidence to go to a jury.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE ALLEN, sitting as chief justice, and MR. JUSTICE CAMPBELL concur.