STATE, Respondent, v. FOX, Appellant.

(228 N. W. 382.)

(File No. 6765. Opinion filed December 31, 1929.)

*Atwater & Helm,* of Sturgis, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Donald B. Montgomery,* Assistant Attorney General, for the State.

CAMPBELL, J. The second session of the territorial Legislature of Dakota enacted a Criminal Code (Laws Dak. 1862-63, cc. 1-33) and by section 7 of chapter 19 (page 120) provided as follows:

"Sec. 7. When, by law, an offense comprises different degrees, an indictment may contain counts for the different degrees, of the same offense, or for any of such degrees. The same indictment may contain counts for murder, and also for manslaughter or different degrees of manslaughter. Where the offense may be committed by the use of different means, the indictment may allege the means of offense in the alternative. Where it is doubtful to what class an offense belongs, the indictment may contain several counts describing it as of different classes or kinds."

This continued as the law of the territory until it was replaced by the Criminal Code of 1868-69 (Laws Dak. 1868-69, c. 1), section 236 thereof being as follows:

"Sec. 236. The indictment must charge but one offense, and in one form only; except that where the offense may be committed by the use of different means, the indictment may allege the means in the alternative."

By the Revised Codes of Dakota of 1877 (section 217, Code of Criminal Procedure) the statute became as follows:

"Sec. 217. *Charge but One Offense* The indictment must charge but one offense, but the same offense may be set forth in

different forms or degrees under different counts; and when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

Sec. 217, Code Cr. Proc. 1877, continued verbatim as section 7244, Compiled Laws 1887.

After statehood, and by chapter 64, Laws 1895, prosecution by information came into our law, and section 3 of that chapter, with reference to informations, provided in part as follows:

" * * * And the offense therein charged shall be stated with the same precision and fullness in matters of substance as is now required in indicting in like cases; different offenses and different degrees of the same offense may be joined in one information in all cases where the same might be joined in different counts in one indictment. * * * "

The Code Commission of 1903 carried section 7244, Compiled Laws, forward into the 1903 Code (section 224, Code Cr. Proc. 1903) without change, except that after the first two words, "the indictment," they inserted the words "or information."

Section 224, Code Cr. Proc. 1903, continued without change until 1913, when it was amended by chapter 242, Laws 1913, to read as follows:

"Section 224. The indictment or information must charge but one offense."

In that form it was carried without change into the Revised Code of 1919 as section 4720.

By chapter 197, Laws 1925, section 4720, Rev. Code 1919, was amended to the following form:

"Sec. 4720. The indictment or information must charge but one crime and in one form except that the crime may be charged in separate counts in the same indictment or information to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts in the same indictment or information."

By chapter 143, Laws 1927, the section as so amended in 1925 was again amended to read as follows:

"Sec. 4720. The indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offenses, or two or more dif-

ferent offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases, the court may order them consolidated. The prosecution shall not be required to elect between different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of offenses charged and each offense upon which defendant is convicted, must be stated in the verdict: Provided, that the court in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately.

"Section 2. All acts and parts of acts in conflict herewith are hereby repealed."

The present action was instituted against the defendant subsequently to the taking effect of chapter 143, Laws 1927, upon an information in three counts as follows:

"That James Fox, late of Meade county, South Dakota, on or about the 2d day of December, 1926, within the county of Meade and state of South Dakota, did commit the crime of violating the provisions of the Prohibitory Law as follows:

"Count One: That the said James Fox did on or about the 2d day of December, 1926, within the county of Meade and state of South Dakota and the jurisdiction of this court, willfully and unlawfully manufacture a certain quantity of intoxicating liquor with intent then and there upon the part of the said James Fox to violate the provisions of the Prohibitory Law of the Revised Code of 1919 of the State of South Dakota.

"Count Two: That the said James Fox did on or about the 2d day of December, 1926, within the county of Meade and state of South Dakota and the jurisdiction of this court, willfully and unlawfully keep and store a certain quantity of intoxicating liquor capable of being used as a beverage, with intent upon the part of the said James Fox to violate and evade the provisions of the Prohibitory Law of the Revised Code of 1919 of the State of South Dakota.

"Count Three: That the said James Fox did on or about the 2d day of December, 1926, within the county of Meade and state of South Dakota and the jurisdiction of this court, willfully and

unlawfully have and possess a certain quantity of sour mash, being a preparation from which intoxicating liquor is made, with intent then and there upon the part of the said James Fox to violate and evade the provisions of the Prohibitory Law of the Revised Code of 1919 of the State of South Dakota, the acts described in each of said counts being contrary to the form of the statutes in such case made and provided and against the peace and dignity of the state of South Dakota."

The case, coming regularly on for trial, was heard before the court and a jury, and the jury returned a verdict of not guilty under count 1, a verdict of not guilty under count 3, and a verdict of guilty under count 2. From the judgment pronounced on said verdict of guilty upon count 2, and from an order denying his application for a new trial, the defendant has now appealed.

Appellant questions the sufficiency of the evidence. It is by no means as complete and satisfactory as might be wished, but, after careful consideration, we are not prepared to say, as a matter of law, that it is not sufficient to support the verdict of guilty on count 2. No good purpose would be served, we think, by setting out the evidence, and we therefore refrain from so doing.

Appellant questions the constitutionality of chapter 143, Laws 1927, upon the theory that its provisions are in conflict with that part of section 7, article 6, Constitution of South Dakota, which provides that "in all criminal prosecutions the accused shall have the right * * * to demand the nature and cause of the accusation against him. * * *" Appellant contends in substance that this provision of the Constitution contemplates that an accused can be charged with but one crime or offense in one proceeding. With this contention we are not able to agree. The Oklahoma court has so held in substance. Bonitzer v. State, 4 Okl. Cr. 354, 111 P. 980; Kimbrell v. State, 7 Okl. Cr. 354, 123 P. 1027. We find ourselves unable to approve the holding of the Oklahoma court on this point. The statute above quoted is taken practically verbatim from chapter 452, Laws 1915 of California, amending section 954, Penal Code of California, and the statute has been upheld in that state in a long line of decisions. See 14 Cal. Jur. p. 64 et seq.

It is true, however, that the exact phrase above quoted from section 7, article 6, Constitution of South Dakota, is not found in the California Constitution. It is found, however, in article 6 of

the Amendments to the Constitution of the United States, and yet the universal practice in the federal courts has been to permit the charging of more than one offense by separate counts. The phrase also appears in the Constitutions of a majority of the states, and we know of no case (except those from Oklahoma) indicating that the constitution forbids the practice contemplated by the statute in question. We think the prohibition against the joinder of more than one offense in the same indictment arose in this state solely by virtue of legislative action, and not by virtue of any constitutional provision, and, if the requirement originated with the Legislature alone, manifestly that same Legislature can dispense with it.

The general rule is set out in 14 R. C. L. at page 196, as follows:

" * * * And in strict point of law, it is permissible to insert several distinct offenses of the same class, though committed at different times, in different counts in the same indictment against the same offender, in the absence of statute prohibiting the joinder of more than one offense in the same indictment. It is obvious, however, that this practice, if uncontrolled by a wise judicial discretion, might easily lead to great oppression, and it is the general rule that the joinder in the same indictment or information of several felonies is subject to the power of the court to quash the indictment or to compel an election by the state, where necessary to protect the accused from prejudice. * * * "

The joinder of various counts for separate offenses in one information was well established at the common law, subject to the qualification that, generally speaking, counts for misdemeanors and felonies could not be so joined. See notes and cases collected 58 Am. Dec. 238, 92 Am. Dec. 661, 49 Am. St. Rep. 771, 9 L. R. A. 182. We think that chapter 143, Laws 1927, properly construed and interpreted, amounts in substance to a statutory enactment of the general rule above referred to as heretofore recognized in those states where there was no statutory requirement that the indictment should charge but one offense.

We are of the opinion that the statute is not in conflict with the Constitution, and further of the opinion that the counts in question were properly joined under the statute, and that there was no error prejudicial to the defendant in overruling his demurrer or in denying his motion for election.

The judgment and order appealed from are affirmed.

POLLEY, BURCH, and BROWN, JJ., concur.

SHERWOOD, P. J., absent and not sitting.