STATE, Appellant, v. BAYLISS, Respondent.

(241 N. W. 608.)

(File No. 7171. Opinion filed March 22, 1932.)

*Hastings Robertson* and *John George Day,* both of Martin, *M. Q. Sharpe,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the State.

*W. J. Hooper,* of Gregory, for Respondent.

WARREN, J. The state of South Dakota appealed from the order of the circuit court made on July 10, 1930, sustaining the defendant's demurrer to the information.

An information in two counts was filed by the state's attorney in the circuit court of Bennett county, S. D., alleging that one W. W. Bayliss in the county of Bennett, state of South Dakota, on the 1st day of October, 1928, did commit the crime of embezzlement by an officer. The information in substance was as follows: That said Bayliss did willfully, feloniously, and knowingly fraudulently appropriate to his own use money in the sum of $96.02 intrusted to him by H. F. Couch in virtue of the defendant's office of county sheriff of Bennett county, S. D.; that at the time said defendant did appropriate the said money he was the duly elected, qualified, and acting sheriff of Bennett county, S. D. Count 2 is in substance the same, excepting that the amount of money appropriated was in the sum of $47.20 and intrusted to the said sheriff by one C. L. Sawyer. The demurrer consisted of two grounds of objection; the first to the effect that more than one offense was charged in the information; the second that it did not describe a public offense.

■ Respondent first urged that more than one offense was charged in the information, and based his rights upon the protection afforded by our Constitution in article 6, § 7, giving him the right to be tried at one time on a single specific offense. This court has passed upon the first ground presented by the demurrer involving the constitutionality of chapter 143, S. D. Session Laws of 1927, relating to informations containing two or more different offenses in State v. Fox, 56 S. D. 294, 228 N. W. 382, and State v. Flathers, 57 S. D. 320, 232 N. W. 51, 72 A. L. R. 150. On both occasions the constitutionality of the statute was upheld, and we adhere to the principles therein announced. For a full discussion, see State v. Fox, supra.

■ The information was attacked on the second ground that it did not describe a public offense. It would seem that the information was drawn under section 3766 of the 1919 Revised Code, which provides: § 3766. * * * *Embezzlement by Officer.* Every sheriff, * * * who, * * * 2. Fraudulently appropriates to his own use or to the use of another person, or secretes with intent to appropriate to such use, any money, evidence of debt or other property intrusted to him in virtue of his office, is guilty of a felony."

The information, although not artistically drawn, seems to contain all the ingredients required of subdivision 2 of section 3766, and covers all the required allegations necessary to inform the accused of the nature of the crime, and fully apprizes him of the offense substantially in the language of the statute. See sections 3766, 4715, 4717, and 4723, Rev. Code South Dakota, 1919.

■ The information charges (in the first count) that the defendant Bayliss was sheriff of Bennett county, S. D., that while he was sheriff of said county there was intrusted to him in virtue of his office by one Crouch certain moneys, and (in the second count) a certain amount of money by one Sawyer, that he did thereafter fraudulently appropriate to his own use the money so intrusted to him, and that at the time he misappropriated the money to his own use he was the duly elected, qualified and acting sheriff of Bennett county, S. D., that on the date of appropriation the crime of embezzlement by an officer was committed; meets all the statutory requirements; and complied fully with sections 3766, 4715,

4717, and 4723, of the 1919 South Dakota Rev. Code. The information follows the language of the statute defining the offense, and is therefore sufficient and not subject to demurrer. State v. Paul, 41 S. D. 40, 168 N. W. 739; State v. Taylor, 44 S. D. 332, 183 N. W. 998; and State v. Hoven, 47 S. D. 50, 195 N. W. 838.

█ █ From some of the argument in appellant's brief, and from the contents of an affidavit set forth therein, it would appear that in ruling upon the demurrer the learned trial judge was influenced to some extent by his view as to whether or not the facts which he anticipated the state would expect to offer as proof of the offense were sufficient to show, as a matter of law, that money was intrusted to the defendant "in virtue of his office." That is a question which was not before the trial judge in any manner and is not before us, and we express no opinion whatever concerning it. The affidavit referred to is no proper part of the record on appeal, and has no rightful place in the brief. The only question that was before the trial court or is before this court is as to the legal sufficiency of the information.

The order appealed from is reversed.

CAMPBELL, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.