STATE, Respondent, v. WOLFE, Appellant.

(247 N. W. 407.)

(File No. 7218.   Opinion filed March 14, 1933.)

*H. F. Fellows,* of Rapid City, and *John T. Heffron,* of Deadwood, for Appellant.

*M. Q. Sharpe,* Attorney General, *Benj. D. Mintener,* Assistant Attorney General, and *Francis J. Parker,* of Deadwood, for the State.

BECK, Circuit Judge. On June 2, 1930, an information was filed in the circuit court of Lawrence county, containing twelve counts, and charging the defendant with embezzlement of public funds while acting as county treasurer and deputy county treasurer of said county; and also with the failure to account for and pay over, upon demand, to the county treasurer of said county public funds in his hands as a public officer. The trial court sustained a demurrer to all of the counts contained in the information, except counts I and II; and it is with these counts alone that we are concerned in this case. Upon a plea of not guilty, the defendant was convicted upon both counts, and judgment was entered accordingly. The case is before us upon an appeal from the judgment and an order denying a new trial. Numerous errors have been assigned, and the same will be hereinafter discussed.

By demurrer, and by proper and timely objections, the defendant challenged the sufficiency of both counts remaining in the information. The language of count I so far as here material is as follows: "That the said George H. Wolfe of the County of Lawrence, State of South Dakota, on or about the 8th day of January, 1927, in the County aforesaid, then and there being, did then and there, at a time when said George H. Wolfe was the duly elected, qualified and acting Treasurer of Lawrence County, South Dakota, and at a time when the said George H. Wolfe, was the duly appointed, qualified and acting Deputy County Treasurer of said County and State, then and there a department of the Government of said Lawrence County and the State of South Dakota and an office created by the laws of said State and County, did at said time and place, wilfully, fraudulently, unlawfully and feloniously appropriate and convert to his own use the sum of Two Thousand and Eight Hundred Ninety-nine and 12-100 ($2,899.12) Dollars, lawful money of the United States, of the value of Two Thousand Eight Hundred Ninety-nine and 12-100 ($2,899.12) Dollars, which said money was then and there the property of said County and State and political subdivisions thereof, and which said sum of money had, prior to said date and between the 7th day of January 1919 and said 8th day of January 1927, both dates inclusive, been collected and received by said George H. Wolfe, as such County Treasurer and Deputy County Treasurer as afore-

said, for and on behalf of said County and State, and political sub-divisions thereof."

■ This count was drawn under the provisions of subdivision 1 of section 3814, Rev. Code 1919. We are satisfied that it contains all the elements of embezzlement as applied to public funds. An information charging embezzlement of public funds in substantially the same language was approved by this court in State v. Ewert, 52 S. D. 619, 219 N. W. 817.

To fully set forth count II herein would serve no useful purpose and unduly extend the length of this opinion. This count is divided into six separate paragraphs, and the following facts are alleged: (a) The defendant was treasurer and deputy treasurer of Lawrence county from January 7, 1919, to January 8, 1927, both dates inclusive; and as such officer received the sum of $2,899.12; (b) that the state of South Dakota and the people of said state were directly and indirectly interested in said money; (c) that James M. Campbell, at the time of the filing of the information and during the year 1929, was the treasurer of Lawrence county; (d) that on the 6th day of December, 1929, the said James M. Campbell, on behalf of said county and state, made a written request and demand upon the defendant to pay said money to the said Campbell as county treasurer; (e) that on the 6th day of December, 1929, there was a duty imposed upon the defendant by law to pay the said money to Campbell as county treasurer; (f) that the said defendant wilfully, unlawfully, and feloniously omitted and refused to pay over said money to the said Campbell as such county treasurer.

■ Whether count II states any public offense known to the law of this state is a matter we need not decide, for reasons which will hereinafter appear; certain it is that it does not charge embezzlement, because the element of willful and fraudulent con-version or diversion of the funds in question is not alleged.

By a motion to quash, by special plea, and by proper and timely objections made at various stages of the trial, the defendant invoked the statute of limitations, and asserted that, no information having been filed in the circuit court within three years after the commission of the offenses alleged, the prosecution was barred by the provisions of section 4523, Rev. Code 1919. The learned trial

court denied the motion to quash, and overruled the special plea and the said objections; and such rulings have been presented for review by proper assignments of error.

The trial court required the state to furnish a bill of particulars, in which numerous transactions involving alleged irregularities and shortages in the office of the county treasurer of Lawrence county were set forth. These transactions covered a period from January 7, 1919, to January 8, 1927. However, the trial court removed from the consideration of the jury all of such transactions except one, which for the sake of brevity will be termed the Conard transaction. The offense grounded upon the Conard transaction is alleged to have been committed on or about January 8, 1927; the evidence discloses that, if committed, such offense was committed not earlier than March 7, 1925.

██ ██ By chapter 91 of the 1927 Session Laws, the Legislature of this state amended section 4523, Rev. Code 1919, so as to extend the time within which a prosecution for embezzlement of public moneys might be commenced to ten years. The amendment became effective as the law of this state on July 1, 1927, and before the three-year period had run against the Conard transaction. If the amendment had the effect of extending the time within which an embezzlement charge might be brought against the defendant to ten years, then count I is not barred by the statute of limitations.

The general rule is stated in 16 C. J. 222, as follows: "A statute extending the time for the prosecution of certain crimes, although it may not affect cases in which the period of limitation has expired, extends those limitations which have not expired at the date of its passage."

This rule is supported by ample authority. 17 R. C. L. 704; Commonwealth v. Duffy, 96 Pa. 506, 42 Am. Rep. 554; People v. Buckner, 281 Ill. 340, 117 N. E. 1023, 3 A. L. R. 1323. We conclude that count I, being an embezzlement charge, was not barred by the statute of limitations.

██ From the bill of particulars furnished by the state, it appears that the most recent transaction therein mentioned is the Conard transaction; this was completed on March 7, 1925, and, if the defendant ever obtained possession of any public money under the Conard transaction, he received such money not later than

March 7, 1925. Inasmuch as the offense sought to be charged under count II is not embezzlement, the state's position is not aided by the provisions of chapter 91 of the 1927 Session Laws of South Dakota, amending section 4523, Rev. Code 1919. More than three years having elapsed after the completion of the Conard transaction and before any demand was made upon the defendant to pay over any money, and more than three years having elapsed after defendant's term of office expired, January 1, 1927, before any information was filed in the circuit court, we conclude that count II was barred by the provisions of section 4523, Rev. Code 1919. The trial court erred in submitting count II to the jury and in entering the judgment upon the verdict returned thereunder.

█ The state, upon the trial, offered in evidence over defendant's objection Exhibit 48. This exhibit was prepared by one Meyers, a state accountant, who had made an audit of the records in the offices of the county treasurer and county auditor of Lawrence county, and merely contained general statements in the nature of memoranda. The exhibit did not purport to contain true copies of any public records. It covered a period of as far back as 1919. This exhibit was objected to upon the following grounds: "Objected to as incompetent for any purpose, no foundation laid; it covers matters there has been no evidence introduced upon in this action; it isn't competent to prove any offense, it is self serving; it isn't constituting substantive evidence of any of the matters; it is merely cumulative conclusions of matters that have already been proven."

While the trial court limited the use of this exhibit to that of an index to aid the jury in their consideration of other exhibits in the case, and only admitted a portion of the exhibit, we are of the conviction that it should have been excluded, under the circumstances of this case. It afforded a vehicle by means of which prejudicial matter of more or less remoteness was brought into the case and paraded before the jury under the guise of defunct count II.

By appropriate assignments of error, the defendant has challenged the sufficiency of the evidence to support the verdict. Under the instructions of the court, which were not excepted to in this respect, the state's case rests solely upon the Conard transaction.

The facts with reference to this transaction as disclosed by the evidence are briefly as follows: Conard owned property in Lawrence county upon which taxes for the years 1917 to 1923, inclusive remained unpaid, aggregating the sum of $4,102.43. On April 5, 1924, the board of county commissioners of Lawrence county ordered and authorized a compromise of such taxes for the sum of $2,000. At various times during the years 1924 and 1925, Conard made payments to Dave C. Campbell, county treasurer of Lawrence county, to apply upon such compromise; and for which personal receipts were issued. The money so paid was by Campbell put in an envelope and by him placed in a compartment in the office safe, to which he alone had a key. On March 7, 1925, the full amount required to be paid under said compromise having been paid, the defendant wrote seven official tax receipts to carry out the terms of said compromise and aggregating the sum of $2,000, all of which were delivered to Conard. All of these tax receipts are in the handwriting of the defendant. It also appears that as to five of the official tax receipts the duplicate receipts remaining in the county treasurer's office, and from which the cash books were made up, were so doctored up and falsified as to show $100 less than the amount stated in the original tax receipt in each instance. This resulted in a shortage of $500. The defendant in his own handwriting made up the cash books from the duplicate receipts, and otherwise falsified public records to conceal the shortage. The money represented by this shortage was paid to Campbell, the county treasurer, in the first instance, except two small items which were paid to defendant and by him delivered to Campbell. During the time of this transaction, the defendant was deputy county treasurer, under Dave C. Campbell, county treasurer.

The only evidence tending to show that the defendant ever received or had in his possession the $2,000 involved in the Conard transaction is the evidence of Dave C. Campbell. He testifies concerning the matter of issuing the tax receipts to Conard as follows: "I might have handed him (Wolfe) the whole bunch and let him take this $2,000.00, envelope; I have done that several times."

There is some evidence relating to the customs prevailing in the office of the county treasurer of Lawrence county, but the testimony of Dave C. Campbell is the only evidence from which

it can possibly be inferred that the defendant ever had possession of any part of the $500 in question. It may well be inferred that Dave C. Campbell was an accomplice, if the money was in fact embezzled. The defendant was not charged jointly with Dave C. Campbell of the crime of embezzlement, nor was the case tried upon the theory that the defendant became a principal by reason of having aided and abetted Dave C. Campbell or some one else in the commission of the alleged offense. The case was not submitted to the jury upon any such theory. The evidence does show that the defendant was guilty of falsifying public records, but he was not on trial for any such offense.

■ In view of the theory upon which the case was tried, it is exceedingly doubtful as to whether there is sufficient evidence in the case to sustain the verdict of the jury upon count I. A conviction should not be permitted to stand upon mere suspicion alone.

■ Instruction No. 10 permitted the jury to find the defendant guilty under count II, if they found that the defendant had taken into his possession public moneys belonging to Lawrence county and the state of South Dakota, and failed and refused to pay same over to the county treasurer upon demand. This instruction was duly excepted to. Inasmuch as count II was barred by the statute of limitations, it was error to give this instruction.

■ The defendant presents for review claimed irregularities in the reception of the verdict. The jury were required to return separate written verdicts under both counts. These verdicts were in due form, duly received, filed, and entered upon the minutes of the court. Such verdicts found the defendant guilty upon both counts as charged. Thereafter the trial court required the jury to return to the jury room and answer a special interrogatory as to the amount embezzled under count I. The jury found the amount to be $500. There was no need of such special finding. The Conard transaction was the only matter submitted to the jury under count I. The undisputed evidence showed the amount involved to be $500. The taking of a special verdict was a mere irregularity that in no manner prejudiced the defendant.

■ The defendant asserts as a ground for new trial claimed misconduct on the part of the jury. The trial court, after the jury was selected, entered an order placing the jury in the custody of

two bailiffs and directing them not to separate until after the case had been submitted to them and a verdict returned. It is claimed that during the trial certain jurors separated themselves for short periods of time from the other jurors, and one such instance is claimed after the case was submitted to the jury. We have carefully examined all the proofs submitted by the defendant and the state, and are satisfied that, if there were any irregularities in this respect, no prejudice resulted therefrom. This court will not set aside a conviction for mere irregularities without prejudice. Territory v. King, 6 Dak. 131, 50 N. W. 623; State v. Albers, 52 S. D. 582, 219 N. W. 263; State v. Quiram, 52 S. D. 615, 219 N. W. 830.

██ ██ In support of his motion for a new trial, the defendont claims newly discovered evidence. There is no sufficient showing of diligence, nor does it appear that the evidence is of such a character as to likely change the result in the event of a new trial. The granting or denying of a motion for new trial upon the grounds of newly discovered evidence rests largely within the sound judicial discretion of the trial court; and this court will not reverse the ruling of the trial court, unless it clearly appears that there has been an abuse of such discretion. State v. Weston et al, 47 S. D. 328, 198 N. W. 826; State v. Mills, 45 S. D. 439, 188 N. W. 49; State v. Gregory, 31 S. D. 425, 141 N. W. 365.

Other errors are assigned, all of which have been carefully considered; most of them are without merit, and as to the others they are of a minor character, and doubtless will not occur upon a retrial. It would serve no useful purpose to further extend this opinion.

By reason of the errors mentioned, and because of the extreme paucity of the evidence, in view of the theory upon which the case was tried, as to the actual taking and fraudulent conversion or diversion of the money alleged to have been embezzled, the judgment and order denying a new trial are reversed. The trial court is directed to dismiss count II. A new trial will be granted as to count I.

BAKEWELL and BECK, Circuit Judges, sitting for ROBERTS and POLLEY, JJ., disqualified.

RUDOLPH, P. J., and CAMPBELL and WARREN, JJ., and BAKEWELL, Circuit Judge, concur.