STATE, Respondent v. NORWICK, Appellant

(109 N.W.2d 14)

(File No. 9803. Opinion filed May 2, 1961)

**L E. Schreyer,** Lake Andes, **Lacey & Parliman,** Sioux Falls, for Defendant-Appellant.

**A. C. Miller,** Atty. Gen., **LeRoy Lassegard,** State's Atty., Davison County, Mitchell, for Plaintiff-Respondent.

SMITH, P. J. The fatal accident involved in this cause occurred during the early hours of December 21, 1958, after a group, which included defendant, Kenneth Norwick, Leonard Freidel and his wife Ramona, had spent several hours in night clubs in the environs of Mitchell, South Dakota, and during which time all concerned had been drinking intoxicating liquors. Just prior to the event a Chevrolet automobile occupied by Leonard Freidel and his wife Ramona, with Freidel driving, was proceeding around a curve in the highway at very high speed. It was followed by an Oldsmobile, driven by defendant, Norwick. According to one Anderson who was riding with Norwick, the speedometer of the Oldsmobile was registering 100 miles per hour. As the Oldsmobile came upon the Chevrolet the vehicles traveled abreast, with the Oldsmobile partially on the gravel at the extreme right, on the outside of the curve. While so positioned the cars made a sufficient sideswiping contact to slightly indent the Chevrolet and mark each car with a line of paint from the other. Thereafter both cars went off the left-hand side of the grade. The Chevrolet was the first to leave the road; it was wrapped around a telephone pole. Mrs. Freidel was dead when first examined in the car. Mr. Freidel lingered before dy-

ing. The Oldsmobile came to rest 100 feet farther on. This brief statement, which ignores conflicts and details, is sufficient for our purposes.

A complaint was lodged in the Municipal Court of Mitchell, South Dakota, charging defendant Norwick with the "crime of Manslaughter in the 2nd degree in that the said Kenneth Norwick did wilfully, wrongfully and feloniously by committing an unlawful act, kill Ramona Friedel." A preliminary examination of the complaint was had at which witnesses were examined and cross-examined, and thereafter the municipal judge endorsed an order on the complaint in words in part as follows: "It appearing to me that the offense in the within complaint mentioned has been committed, and that there is sufficient cause to believe the within named Kenneth Norwick guilty thereof, it is ordered that he be held to answer the same to the Circuit Court of Davison County".

The amended information charges manslaughter in the second degree in two counts. In substance the first count charges that the defendant did wilfully, wrongfully, and feloniously, without a design to effect death, operate a certain motor vehicle in an unlawful manner upon the public highway of Davison County, South Dakota, carelessly and heedlessly in disregard of the rights and safety of others, and without due caution and circumspection, and in a manner so as to endanger the person and property of another, thereby causing the death of Ramona Freidel, a passenger in another vehicle, and that the death of Ramona Freidel was not caused in such a manner as to constitute murder or manslaughter in the first degree, or excusable homicide, or justifiable homicide. The second count in substance charges that the defendant did wilfully, wrongfully, and feloniously, while under the influence of intoxicating liquor, without a design to effect death, operate a certain motor vehicle in a negligent manner, thereby causing the death of Ramona Freidel.

The defendant requested and was served with a bill of particulars which reads as follows:

"The State of South Dakota will show that the Defendant operated his motor vehicle in an unlawful manner in that he drove it on a highway of this State at a speed greater than is reasonable and prudent under the conditions then existing; that in overtaking another vehicle proceeding in the same direction he attempted to pass and did pass such other vehicle, but that in so doing he did not pass at a safe distance to the left of it; that as a driver of an overtaking vehicle he did not pass at a safe distance to the side of the overtaken vehicle and he cut in front of the overtaken vehicle before he was safely clear of it; that he attempted to overtake and pass and did overtake and pass another vehicle proceeding in the same direction when traveling in a no passing zone marked by lines on the roadway; that he drove such motor vehicle upon the highway without due caution and circumspection and at a speed or in a manner so as to endanger or to be likely to endanger persons and property."

A separate verdict was rendered on each count of the information finding defendant guilty as charged therein. A single sentence of three years in the penitentiary was imposed by the court. The appeal is by the defendant.

Although the counsel who appeared for defendant in this court virtually conceded there is room for the contention of the attorney general that the appellate record is defective, he emphasized three certain contentions which he urged should receive attention in the interests of justice. We address ourselves to those matters, but for reasons presently to appear confine our discussion chiefly to count two of the amended information.

The contention is made that: the amended information charges separate offenses; a preliminary examination of the offense charged in count two was not had as is required by SDC 1960 Supp. 34.1503; and hence the court

erred in denying the motion of defendant made under SDC 1960 Supp. 34.3509(5).

Count one of the information is founded on SDC 13.2016 reading as follows:

"Every killing of one human being by the act, procurement, or culpable negligence of another which, under the provisions of this chapter, is not murder nor manslaughter in the first degree, nor excusable nor justifiable homicide, is manslaughter in the second degree."

Count two of the information is founded on SDC 1960 Supp. 13.2025 reading

"Any person who, being under the influence of intoxicating liquor, without a design to effect death, operates or drives a motor vehicle of any kind in a negligent manner and thereby causes a human being to be killed, is guilty of manslaughter in the second degree."

These statutes describe or classify different means of committing a single offense. They do not create separate offenses. State v. Thomas, —S.D.—, 105 N.W.2d 549. And see State v. Hall, 14 S.D. 161, 84 N.W.766. The purpose of the legislature in requiring a preliminary examination is to assure that an accused shall not be put upon his trial until a magistrate has found, as a result of such an examination, that there is sufficient cause to believe that a crime has been committed and that it was committed by defendant. State v. Anderson, 60 S.D. 187, 244 N.W. 119. While the form of the original complaint is not to be commended, it does charge manslaughter in the second degree in very general terms. The testimony which was received in the preliminary examination thereof, without any character of objection by defendant as to the lack of particularity of the charges in the complaint, supplied ample support for the conclusions of the court that the crime of manslaughter in the second degree had been

committed, and that there was probable cause for believing it had been committed by defendant. This evidence, received in the absence of objection as to its form, cured the complaint. People v. Hinshaw, 194 Cal. 1,227 P. 156; 22 C.J.S. Criminal Law § 312, p. 464; and 14 Am.Jur., Criminal Law, § 245, p. 937. From all of which we are persuaded that defendant not only was accorded such a preliminary examination of the charge of manslaughter in the second degree as is contemplated by our statutes, but beyond that, such examination comprehended, among others, a consideration of the very means of committing the offense which is charged in count two of the information. We rule the contention untenable.

 The next contention deals with an instruction to the jury reading as follows:

> "The statute of this state provides that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, must be prosecuted, tried, and punished as principals."

Predicated on State v. Stewart, 37 S.D. 263, 157 N.W. 1046, it is asserted this instruction was erroneous and prejudicial to defendant, because under an information which in both of its counts charged defendant with causing the death of Ramona Freidel by a specific means, viz., the manner in which he operated a motor vehicle, the jury was thereby justified in believing it could find him guilty as an aider and abettor of Leonard Freidel, if they found that the driving of Leonard Freidel was the sole proximate cause of the death of Ramona Freidel.

Assuming, because of the specific means by which it is charged that defendant killed Ramona Freidel, that the quoted instruction was inappropriate, we are solemnly persuaded, in view of the instructions as a whole, it would be unreasonable to conclude the defendant has suffered prejudice.

The court was at pains at the outset to carefully point out to the jury the specific charge that the death of Ramona Freidel was caused respectively by the reckless or negligent manner in which defendant operated his motor vehicle in connection with each separate count. Then, by both affirmative and negative phrasing as to each count, the jury was repeatedly advised that they must be convinced beyond a reasonable doubt, as an independent fact, that the death of Ramona Freidel was caused respectively by the reckless or negligent manner in which defendant operated his motor vehicle before they would be warranted in returning a verdict of guilty.

The case of State v. Stewart, supra, is clearly distinguishable. There the specific charge was that one Quick was killed by Stewart with a rifle. Of the instructions there given to the jury this court said, 37 S.D. at page 268, 157 N.W. at page 1047,

> "Other portions of the instruction make it clear that the court intended to and did charge the jury that upon this indictment the accused might be found guilty, even though he was not armed with a rifle, and did not fire the shot which injured Michael Quick, if the evidence satisfied them that he aided and abetted the son Walter in the act of shooting and injuring Quick by means of a revolver."

■ ■ The third contention of counsel for defendant deals with exceptions to instructions given and refused relating solely to count one of the information. Consideration of these exceptions would be of no avail to defendant. After a most painstaking study of the entire record, we have concluded it reveals no reversible error dealing with count two of the information. The single sentence imposed on both verdicts of guilty was authorized for a conviction of manslaughter in the second degree. SDC 13.2023. A single sentence authorized for a single offense imposed under an information of several counts may be applied to any count which is good. Claassen v. United States, 142 U.S.

140, 12 S.Ct. 169, 35 L.Ed. 966; People v. Werblow, 241 N.Y. 55, 148 N.E. 786; 15 Am.Jur., Criminal Law, § 451, p. 112; 24 C.J.S. Criminal Law § 1896, p. 869.

The judgment of the trial court is affirmed.

All the Judges concur.