# STATE, Respondent v. TEUTSCH, Appellant

## (126 N.W.2d 112)

(File No. 10004. Opinion filed February 6, 1964)

Rehearing denied February 27, 1964

George W. Wuest, of Tinan, Carlson & Wuest, Mitchell, for Defendant and Appellant.

Frank L. Farrar, Atty. Gen., John Dewell, Asst. Atty. Gen., Pierre, Theodore J. Dolney, State's Atty., Clay County, Vermillion, for Plaintiff and Respondent.

ROBERTS, J. The defendant was licensed as a dealer in motor fuel. He admitted at the trial that from January 1, 1960 to October 31, 1960, he imported into the State of South Dakota taxable motor fuel in the amount of 128,062 gallons and that he incurred liability for taxes to the state in the approximate amount of $7,000. Defendant was charged in count I with failure and refusal under subsection (2) of SDC 13.1306 to pay over to the state the motor fuel taxes collected by him during the time above mentioned and in count II was charged with embezzlement of the money received by him on behalf of the state in violation of subsection (1) of the same section. The defendant was found guilty by a jury on both counts and sentenced to imprisonment for three years on each count to run concurrently and pay a fine of $250 on each count. The contentions of the defendant on this appeal are (1) that the evidence is insufficient to sustain conviction and (2) that since the counts charge a single offense the imposition of separate sentences was invalid as constituting double jeopardy.

The Motor Vehicle Tax Statute, SDC 1960 Supp. 57.38, provides for the licensing and bonding of dealers in motor fuel

and for the filing of monthly reports showing the number of gallons of motor fuel purchased, imported, sold and used during the preceding month and requires the payment of taxes collected to the Commissioner of Revenue. A dealer is required to collect the tax of six cents per gallon imposed upon the sale of motor fuel in addition to the selling price and is made the "agent of the state for the purpose of the collection." SDC 1960 Supp. 57.3805. The tax is paid on the basis of gallons received during a calendar month less a percentage allowance to cover losses in handling and for time and expenses of the dealer acting as such agent. SDC 1960 Supp. 57.3804. The tax is imposed upon the user of motor fuel and not upon the dealer. The statute as construed in State v. Sankey, 68 S.D. 127, 299 N.W. 235, authorizes the collection of the motor fuel tax by a dealer acting in a fiduciary capacity as an agent of the state. Under a like statute, the court in Anderson v. State, 221 Wis. 78, 265 N.W. 210, held: "We are of opinion that the chapter should be construed as creating the relation of agent for collection rather than that of a mere debtor. Of course any agent who fails to turn over collections by his failure becomes a debtor, but becoming a debtor does not destroy the relation of agency. * * * 'Instead of collecting the tax from the user through its own officers, the state makes the distributor [licensed dealer] its agent for that purpose.' "

█ SDC 13.1306, upon which the information is predicated, provides so far as here pertinent as follows: "Every public officer, and every deputy or clerk of any such officer, **and every other person receiving any moneys on behalf of or on account of this state,** or of any department of the government of this state, or of any bureau or fund created by law, and in which this state or the people thereof are directly or indirectly interested, who: (1) Appropriates to his own use or to the use of any person not entitled thereto without authority of law, any money received by him as such officer, clerk, or deputy, or otherwise, on behalf of this state, or the people thereof, or in which they are interested; (2) Willfully omits or refuses to pay over to this state or its officer or agent authorized by law to receive the same, any money received by him under any duty imposed by law so to pay over the same * * * is guilty of a felony and shall be punished by a fine not exceeding five thousand dollars and by imprison-

ment in the State Penitentiary not exceeding fifteen years." These provisions involve the criminal conversion of state funds by a public officer or other person receiving any moneys on behalf of the state. SDC 13.4001 defines embezzlement as the "fraudulent appropriation of property by a person to whom it has been intrusted." This court in State v. Ewert, 52 S.D. 619, 219 N.W. 817, held that while the statute (SDC 13.1306(1)) does not in so many words make intent to defraud a necessary element of the offense therein described, the crime is in the nature of an embezzlement and falls within that class of crimes requiring an intent to defraud. See also State v. Wolfe, 61 S.D. 195, 247 N.W. 407; State v. Sankey, supra. The legislature has seen fit in the last three subsections of section 13.1306 to describe the state of mind as "willfully," "knowingly," and "fraudulently." On principle there is no reason for making a specific wrongful intent a necessary element in these subsections and dispensing with such element in subsection (1). The implication of criminal intent in statutes of this nature is especially justified when the penalty is imprisonment. See Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288.

We turn to defendant's assignments of error that the verdicts are not sustained by sufficient evidence. Defendant contends that without a wrongful or felonious intent there could have been no crime committed by him, although there may have been a breach of trust. He argues that cash received for sales of motor fuel including taxes was deposited in his bank account and disbursed in the ordinary course of business; that he had a right to so deposit proceeds from sales of motor fuel; that the law did not prohibit the comingling of taxes collected by him in a bank account; and that "because of the $7,000 or $8,000 on the books, he could not pay the taxes."

The proof of fraudulent intent need not be direct; it may be inferred from expressly proven acts of the accused and surrounding circumstances. If the state proves that the act proscribed by the statute has been committed, it has made out a case sufficient for submission to the jury. State v. Schultz, 52 S.D. 209, 217 N.W. 213. The law is well expressed in Mangham v. State, 11 Ga.App. 427, 75 S.E. 512, 516, wherein the court said:

"The fraudulent intent will be inferred from a temporary individual use of the trust funds, and the act, prima facie at least, will be branded as embezzlement. \* \* \* The law calls such a transaction a wrongful conversion, from which a fraudulent intent can be inferred." See also People v. Talbot, 220 Cal. 3, 28 P.2d 1057; Smith v. State, 219 Ark. 829, 245 S.W.2d 226; White v. People, 76 Colo. 208, 230 P. 614; State v. Smith, 135 Mont. 18, 334 P.2d 1099. If in the course of dealing with tax collections a dealer deposits them with other moneys in a business account, the burden is on him of showing that there was a balance at all times in his favor sufficient to pay over the taxes collected and deposited.

 The information as we have stated charged that defendant failed and refused to pay over the aggregate amount of taxes collected during a ten month period and also that he appropriated same to his own use. It was not necessary to have the jury find what amounts were embezzled. Proof of the embezzlement of any part of the sum was sufficient. State v. Ewert, supra. In view of admissions by defendant that moneys from sales of gasoline including taxes paid thereon were deposited in a business account and that withdrawals to pay business and personal obligations had overdrawn the account, a fraudulent intent could be inferred. There was no evidence of mistake, accident or other exculpatory circumstances disproving an intent to defraud. Defendant was fully cognizant of the fact that the tax money in no sense belonged to him, but came into his possession as a licensed agent of the state. As was said by the court in Glasheen v. State, 188 Wis. 268, 205 N.W. 820: "Those who assume the custodianship of public funds must be presumed to do so with a knowledge of their duties and liabilities as such. Ignorance or failure to appreciate the legal relationship involved may in some cases affect the moral but cannot affect the legal aspects of the conversion. In this case the defendant deliberately and intentionally converted the funds of which he was custodian to his own use. From that the law infers a wrongful and felonious intent." We think the evidence sufficient to sustain the conviction.

 It is insisted that the two counts in the information actually charge a single offense and that only a single sentence

was authorized. The same act or transaction may constitute two distinct offenses and justify conviction on both and separate sentences to run consecutively if each offense as defined by statute requires the proof of some fact or element not required to establish the other. 15 Am.Jur., Criminal Law, § 451. Thus SDC 1960 Supp. 34.3009 dealing with joinder of counts in an information provides: "The * * * information may charge two or more different offenses connected together in their commission, or different statements of the same offenses, or two or more different offenses of the same class of crimes or offenses, under separate counts, * * *. The prosecution shall not be required to elect between different offenses or counts set forth in the * * * information, but the defendant may be convicted of any number of offenses charged and each offense upon which a defendant is convicted, must be stated in the verdict." The court, however, "in the interest of justice and for good cause shown may, in its discretion, order that the different offenses or counts set forth in the * * * information be tried separately, or divided into two or more groups and each of said groups tried separately." Until the enactment of these provisions by Chapter 197, Laws 1925, the rule of this jurisdiction was that one offense only could be charged in an indictment or information. State v. Klingler, 51 S.D. 496, 215 N.W. 531; State v. Fox, 56 S.D. 294, 228 N.W. 382.

▉▉▉ It is permissible under the provisions quoted to charge in separate counts the commission of the same offense in different ways in order to meet the evidence which may be adduced. State v. Bayliss, 59 S.D. 585, 241 N.W. 608. If a defendant is convicted on two counts, relating to a single offense, a general sentence may be imposed. State v. Norwick, 79 S.D. 127, 109 N.W.2d 14. Defendant makes no contention that it was improper to prosecute him under the information with two counts. But he stresses the point that since the two convictions were for the same offense, sentences could not lawfully be imposed on both counts. See SDC 13.0610. Defendant under the proof was either guilty on both counts or not guilty on either count. The legislature did not intend, if it had the power, to subject an offender to a penalty for the offense of fraudulently appropriating to his own use state funds received by him as an officer

or fiduciary under section 13.1306 and also to a penalty thereunder for the wilful failure or refusal to pay over to the state the money received by him in such capacity.

It does not follow as defendant contends that the imposition of a sentence on each count constitutes double jeopardy and a violation of his constitutional rights. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392. The court had jurisdiction of the person and subject matter, or offense, but made a mistake in the judgment. The error in sentence is correctible and without a new trial. As was said in Re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149: "But in a vast majority of cases the extent and mode and place of punishment may be corrected by the original court without a new trial, and the party punished as he should be, while relieved from any excess committed by the court, of which he complains." See also Ex parte Watt, 73 S.D. 436, 44 N.W.2d 119, and review of cases dealing with the effect of erroneous imposition of two or more sentences for a single offense in 59 A.L.R.2d, pp. 994 to 1011. It should be pointed out that if the validity of the prison sentences was the sole question presented, it would not be error of which defendant could complain since the prison sentence imposed on each of the counts was for the same number of years and run concurrently. Prejudicial harm, however, has resulted from the erroneous imposition of two fines for a single offense.

The judgment below is reversed and the case is remanded for the purpose of resentencing the defendant in accordance with this opinion.

All the Judges concur.