COMMONWEALTH *vs.* RONALD J. DEWOLFE. June 19, 1969. The defendant was convicted under indictments charging him with assault and battery and rape. His appeal is here under G. L. c. 278, §§ 33A–33G. He claims error in permitting the victim to testify that the defendant "still had the gun in my ribs." The defendant contends that because the victim never saw a gun this statement "was in the nature of a conclusion and without foundation." We do not agree. The defendant ignores other testimony of the victim that the defendant had repeatedly told her that he had a gun on her. She was warranted in believing his assertions. The defendant also argues that the victim's testimony describing certain footprints found at the scene of the assault and describing "spots and marks on her body and clothing being red in color" were conclusions. Even if her statements were conclusions, they required no special learning or experience and were within the general knowledge of man. *Commonwealth* v. *Sturtivant*, 117 Mass. 122, 133. See *Commonwealth* v. *Cataldo*, 326 Mass. 373, 376. Finally, the defendant claims error in permitting the victim "to testify as to conversation she had at home with her husband . . . offered in the nature of a fresh complaint" and the sub-

sequent instructions to the jury on this issue. Without commenting on the merits of this claim, we are satisfied that the judge's instructions given at the request of the Commonwealth that "you are to completely disregard . . . [that testimony] and wipe it completely from your minds" were explicit and cured any possible prejudicial effect on the testimony. We cannot assume that the jury disregarded the judge's instructions. *Commonwealth* v. *Rudnick*, 318 Mass. 45, 61–62. *Commonwealth* v. *Rondoni*, 333 Mass. 384, 386.

*Judgments affirmed.*

*Robert W. Kelley* for the defendant.

*Willie J. Davis*, Assistant Attorney General, for the Commonwealth.