STATE, Respondent v. VAN BEEK, Appellant

(216 N.W.2d 561)

(File No. 11190. Opinion filed April 1, 1974)

Order denying petition for rehearing May 9, 1974

May, Johnson & Burke, John C. Quaintance, Sioux Falls, for defendant-appellant.

Kermit Sande, Atty. Gen., Neil Carsrud, Asst. Atty. Gen., Pierre, for plaintiff-respondent.

RENTTO, Judge.*

The two-count information filed against defendant charged him with two separate offenses of burglary in the third degree committed in Minnehaha County. The jury found him guilty on both counts. The judgment entered sentenced him to ten years' imprisonment on each count, to run concurrently with each other, and with any other sentence he may be serving. He appeals.

The offense in Count I involved the P & M Industries building and was committed on or about September 14, 1971. The one in Count II involved the Wheelborg Construction building and was committed on or about the 19th or 20th of November 1971. At the outset of his trial he moved that the counts be severed because they were not in any manner related and took place two months apart. This was denied.

The assignments of error urged here claim that the court erred to his prejudice in:

1. Denying his motion to sever the two counts; and

2. Allowing the sheriff to compare a photograph of a footprint pertinent to Count II with overshoes he took from the defendant's premises; and

---

* Retired Supreme Court Judge acting under authorization pursuant to S.L.1974, Ch. 154.

3. Denying his motion to suppress certain evidence pertinent to Count I.

The joinder of charges in one information is authorized by SDCL 23-32-6. That section so far as here applicable provides that "the indictment or information may charge * · * * two or more different offenses of the same class of crimes or offenses, under separate counts". Manifestly the offenses charged in these two counts were properly included in a single information. They are the same in kind. Crimes of the same class, burglary in the third degree, were charged in each count. The statute does not require that they be related in their commission or be committed at the same time. State v. Fox, 56 S.D. 294, 228 N.W. 382; People v. McClain, 55 Cal.App.2d 399, 130 P.2d 978; Wharton Criminal Law and Procedure, Volume 5. (Anderson) § 1936.

In the interest of justice and for good cause shown the court, in its discretion, may order that the different offenses be tried separately. SDCL 23-32-8. The denial of separate trials is not cause for reversal unless the court in so ruling abused its discretion. Wise judicial discretion should be exercised by the courts in this regard to protect the accused from prejudice. State v. Fox, supra. We are satisfied from our study of the full record that the court did not abuse its discretion in refusing to order separate trials.

On November 20, 1971, in investigating the burglary involved in Count II a deputy sheriff of Minnehaha County observed some footprints on the west side of the Wheelborg building. Many similar prints were present at other places outside of the building and also inside it. He took a picture of one of them that he described as being the clearest print. This was received in evidence as Exhibit 4, without objection. While the Sheriff of Minnehaha County was not present when it was taken, he had examined it closely in the course of his investigation. The materials in which the footprints occurred were not suitable for the taking of plaster casts.

The Sheriff of Lincoln County, South Dakota, which lies just south of Minnehaha County, had secured a warrant for the arrest of defendant and his wife on a charge of grand larceny

committed in his county. On December 22, 1971, Sheriff Gruhlke, of Minnehaha County, with other peace officers, accompanied him to defendant's farm in Minnehaha County to arrest them. While on this mission they saw a pair of two-buckle overshoes. Apparently they were outside of defendant's residence. They also observed numerous articles of stolen property on the premises, some of it taken in the Wheelborg break-in, and a truck which in some respects matched the description of the truck used in that burglary.

On application made after this visit to the premises, a warrant was issued to Sheriff Gruhlke on December 22, 1971 to search the premises for described articles taken in the Wheelborg burglary and a break-in at the County Highway Shop on December 21, 1971. The legality of this warrant is conceded. In executing it the officers found numerous articles of personal property that had been taken in the Wheelborg burglary.

The following day Sheriff Gruhlke was issued another search warrant to search the premises for materials taken in other burglaries that were under investigation. The validity of this warrant is not questioned. In searching the premises under it the officers examined the overshoes which they had seen on their earlier visits to the farm and seized them as evidence. They also took two drills, a skill saw and a lawn mower pertaining to the burglary in Count I. These are in the record as Exhibits 5, 6, 7 & 8. Neither these exhibits nor the pair of overshoes were described in the affidavit on which the search warrant was issued, or in the warrant. On this ground defendant moved to suppress and exclude them as evidence in the case. This was granted as to the overshoes but denied as to the designated exhibits.

Under both our state and federal law the rule is that a search warrant must particularly describe the things to be seized, even if it is "mere evidence". State v. Nelson, 84 S.D. 218, 169 N.W.2d 533. From this it follows that the officer making the search may not seize articles not specifically described in the warrant. In State v. Larkin, 87 S.D. 61, 202 N.W.2d 862, we acknowledged this to be the rule but recognized and applied an exception to it. We there said:

"* * * where a police officer while in the course of a lawful search pursuant to a valid search warrant inadvertently uncovers evidence of another crime"

he may seize such evidence although it is not described in the warrant.

█ In order that he may do that the original search must be directed in good faith toward finding articles described in the warrant, and he must have probable cause to believe the inadvertently discovered evidence was connected with criminal behavior. See also State v. Van Beek, 87 S.D. 598, 212 N.W.2d 659. A seizure under these circumstances is not the "planned warrantless seizure" condemned in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. We think it clear from the record that as to the overshoes these circumstances existed.[1] They were in plain view and their initial discovery was inadvertent. Accordingly their seizure was reasonable.

In granting the motion to suppress them as evidence the trial judge indicated he felt this exception to the general rule applied only to those things that were contraband. He did not have the benefit of our opinion in Larkin which was not handed down until seven months after he made his ruling. We there held the exception applicable to any evidence of another crime.

█ Over objection as to his qualification, Sheriff Gruhlke was permitted to testify that the pattern of the footprint in Exhibit 4 was similar to that on the overshoes that he took from the defendant's premises and also allowed to point out the features that were similar in the two. A lay witness may state his opinion as to the similarity of certain footprints to the known shoes of the defendant. Wharton's Criminal Evidence, 13th Edition, § 610; Martinez v. State, 169 Tex.Cr.R. 229, 333 S.W.2d 370; State v. Harris, 40 Wis.2d 200, 161 N.W.2d 385; Commonwealth v. DeWolfe, 356 Mass. 719, 249 N.E.2d 745. That his comparison utilized a reproduction of the print rather than the print, does not render his opinion inadmissible. As the

---

1. The same overshoes were admitted as evidence in a previous conviction of this defendant on another charge of burglary in the third degree committed in Moody County. State v. Van Beek, 87 S.D. 598, 212 N.W.2d 659.

trial judge observed its weight and credibility was for the jury. Allcorn v. State, Okl.Cr., 392 P.2d 66. This testimony was properly admitted. Accordingly the conviction on Count II must be sustained.

■ Since the sentences of ten years imposed on each count were ordered to run concurrently, it will be unnecessary to consider the questions raised as to Count I. Sustaining his conviction on one of the counts sustains the sentence imposed. If there was error in his conviction on Count I, it would be without prejudice to him. Consequently he may not complain of it. 24B C.J.S. Criminal Law § 1928. State v. Teutsch, 80 S.D. 462, 126 N.W.2d 112; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958; cert. den. 400 U.S. 965, 91 S.Ct. 367, 27 L.Ed.2d 384. In view of this we do not reach his claims of error involving that count.

Affirmed.

BIEGELMEIER, C. J., and WINANS, WOLLMAN and DOYLE, JJ., concur.

RENTTO, Associate Judge, sitting for DUNN, J., disqualified.