**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Terry Lee HANSON, Defendant and Appellant.**

**No. 12515.**

Supreme Court of South Dakota.

Submitted on Briefs Feb. 23, 1979.

Decided April 26, 1979.

Lori Scully Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

Randolph F. Stiles of Hanson, Kaye, Stiles & Anderson, Mitchell, for defendant and appellant.

FOSHEIM, Justice.

Defendant was convicted of five separate counts of distributing marijuana. He raises several assignments of error. We hold that the trial court erred in refusing to grant defendant's motion for a sample of the marijuana so that independent testing could be done, and therefore reverse and remand for a new trial.

In August of 1977, the State employed Michael Allen Pfeiffer as an undercover narcotics agent to work in the Mitchell area. Pfeiffer was to make purchases of drugs from those willing to sell. Pfeiffer first met defendant shortly before September 19, 1977. On that date, Pfeiffer saw defendant in Rube's Beer Garden in Mitchell, and inquired where he could purchase marijuana. This conversation culminated in the sale of two packets, allegedly containing marijuana, to the undercover agent. Defendant also made sales to Pfeiffer on September 25, 1977, September 29, 1977, October 2, 1977, and October 13, 1977. The October transactions were of amounts of less than one ounce.

Defendant was charged with separate sales in five different counts of an information filed on February 22, 1978. Prior to trial, defendant moved for a sample of the alleged marijuana for purposes of independent testing and for a court-appointed expert to conduct the test. Although several of defendant's discovery motions were granted, the court refused to allow defendant to have a sample of the alleged marijuana and refused to appoint an expert. The most critical issue on appeal is whether that refusal denied the defendant due process.

The State is required, by the due process clause of U.S.Const. Amend. 14 and S.D.Const. art. VI, § 2, to give a defendant, upon that defendant's request, access to any material evidence in the State's possession that is favorable to the accused. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This requirement applies to items of physical evidence. *Barnard v. Henderson,* 514 F.2d 744 (5th Cir. 1975); *State v. Sahlie,* S.D., 245 N.W.2d 476 (1976). In order to come within this rule, defendant must make a timely request for the withheld evidence,[1] the evidence must be in the State's possession, it must be material, and it must be exculpatory, that is, favorable to the accused as to his guilt or punishment. *Brady v. Maryland,* supra; *United States v. Agurs,* 427 U.S. 97, 96 S.C. 2392, 49 L.Ed.2d 342 (1976). If these requirements are met, then defendant has a right to independent testing of a sample of the alleged marijuana.

The State does not seriously contend that defendant did not make a timely request for a sample of the alleged marijuana. The State also acknowledges that it would have and could have complied with any trial court order to supply a sample of the alleged marijuana for independent testing. The only matters in question, then, are the materiality and exculpatory nature of the requested sample and independent test.

There can be little doubt that the alleged controlled substance itself is material to a defendant's guilt. If the State does not prove beyond a reasonable doubt that the substance sold was, in fact, marijuana, defendant cannot be convicted. We are, of course, left in doubt as to the materiality of an independent test, since we are unable to determine to what extent it would have affected the verdict. See *United States v. Agurs,* supra. If an independent test were to show that the substance is not marijuana, the results would be both material and exculpatory. On the other hand, if the independent test were in agreement with that conducted by the State, any benefit to

defendant would be minimal. Our comment in *State v. Sahlie,* supra, is particularly appropriate here:

> Due process cannot be satisfied unless the defendant is provided some opportunity to examine possible exculpatory evidence long enough before trial so as to have at least an opportunity to determine if such evidence is or is not exculpatory.

We conclude that where doubt exists as to whether an independent test of an alleged contraband substance is material and exculpatory and the nature of the substance is critical to the State's case, the defense must be given an opportunity to have an independent determination made. This is particularly the case where the question of materiality turns on expert evaluations of the alleged contraband. See *White v. Maggio,* 556 F.2d 1352 (5th Cir. 1977); *Barnard v. Henderson,* supra. A lay person is not equipped to refute an expert determination that a substance is, or is not, marijuana. Without an independent test by an expert, it would be very difficult for defendant or his attorney to effectively cross-examine the State's expert, whether on the validity of the tests done, the methods of testing used or the correctness of the test results. *White v. Maggio,* supra; *Warren v. State,* 292 Ala. 71, 288 So.2d 826 (1973); *Jackson v. State,* 243 So.2d 396 (Miss.1971). For these reasons, we conclude that defendant had a right to a sample of the alleged marijuana for independent testing. This decision is restricted to cases where the substance itself must be contraband in order to convict the defendant, and whether the alleged contraband is exculpatory depends on expert opinion.

For essentially the same reasons, we conclude that it was also incumbent on the trial court to provide defendant with an independent expert to evaluate the substance in question, although the expert need not be of defendant's choosing. *State v. Sahlie,* supra. That case sets forth the following guidelines for court appointment of an independent expert:

---

1. Some types of evidence, because of their greater probative force under the facts of the case, must be given to a defendant even if he does not request them. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

Initially, the request must be made in good faith. The request must be reasonable in all respects. The request must be timely and must set forth specific reasons which seem to make such services needed or necessary to the defendant. The request must specify that the defendant is financially unable to obtain the required service himself and that such services would otherwise be justifiably obtained were the defendant financially able. *State v. Sahlie,* S.D., 245 N.W.2d 476, 480 (1976).

Defendant's application set forth the reasons for the request which were substantially the same as the reasons we express above. Defendant's indigency is apparent from his application for a court-appointed attorney. It is also apparent from defendant's motion for an expert that defendant's counsel considers the services of such an expert essential, and that such an expert would be appointed if defendant had adequate financial resources. Because of the critical nature of the determination to be made by the expert in this case, we believe that the request is reasonable. The State contends that the request was not sufficiently specific as to why an expert should be appointed. We conclude, however, that the request was as specific as possible under the circumstances. As we pointed out above, the defense cannot challenge an expert's determination with anything other than another expert. The defendant thus cannot lay any foundation for appointment of an expert other than to allege that he doubts the veracity of the State's tests, and believes that an independent test is essential. If the opinion of the independent expert is different, defendant would be in a position to challenge the State's expert testimony. It would be an empty gesture to give defendant a sample of the alleged marijuana, while at the same time refusing to provide an independent expert to evaluate it.

■ We recognize that the trial court must have some discretion in granting or denying discovery. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The due process clauses of the state and federal constitutions, however, give defendant the right to examine evidence in the possession of the State if the conditions above outlined are fulfilled, as we have found that they are in this case. The due process clauses require that the defendant have access to the evidence as an aid to his defense, not as a punishment to a prosecutor who has refused to reveal the evidence he will use. See *United States v. Agurs,* supra. Fundamental fairness requires that defendant have the right to confront the evidence against him, and be apprised of the nature of it soon enough to prepare an adequate defense.

■ Defendant next contends that he should have been granted counsel fees or the services of a private investigator to go to Iowa and research Pfeiffer's background. This contention is without merit. Defendant's showing of the necessity of such expense was not adequate to conform to the guidelines for appointment of outside experts found in *State v. Sahlie,* supra.

■ Defendant's next contention is that the joinder of five counts into one information was prejudicial, since the jury would automatically assume that any defendant so charged was guilty of something. Defendant did not, however, make any showing that this information was prejudicial to him. This contention is, therefore, rejected. *State v. Van Beek,* 88 S.D. 154, 216 N.W.2d 561 (1974).

■ Defendant contends, finally, that the court's instructions on entrapment were prejudicial to him, that the court should have determined entrapment as a matter of law, and that we should adopt the objective test of entrapment. We have examined the court's instructions, and find them, on the whole, to be adequate. We do not read the record as calling for a determination of entrapment as a matter of law. We have consistently refused to adopt the objective test for entrapment, and refuse to do so now. *State v. Johnson,* S.D., 268 N.W.2d 613 (1978); *State v. Parker,* S.D., 263 N.W.2d 679 (1978).

The judgment is reversed and the case is remanded for a new trial.

All the Justices concur.