**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Robert BENNETT, Defendant and Appellant.**

**Robert BENNETT, Petitioner and Appellant,**

v.

**STATE of South Dakota, Appellee.**

**Nos. 12497, 12500.**

Supreme Court of South Dakota.

July 23, 1980.

**6**

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and appellee; William J. Janklow, Atty. Gen., Pierre, on brief.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for defendant and petitioner.

WOLLMAN, Chief Justice (on reassignment).

Defendant was convicted of one count of distributing a controlled substance and two counts of possession of a controlled substance. In # 12497, defendant appeals from his conviction on the distribution charge. In # 12500, defendant (petitioner) appeals from the order denying his petition for post-conviction relief. We affirm in # 12497 and reverse and remand in # 12500.

Although the transaction giving rise to the distribution charge occurred on July 19, 1976, it was not until October 20, 1976, that a warrant was obtained for defendant's arrest on that charge.

Armed with this arrest warrant, law enforcement officers went to defendant's trailer house in Chamberlain shortly after midnight, October 21, 1976. Defendant answered the officers' knock on the door and was told by the deputy sheriff that the officers had a warrant for his arrest. The officers entered the trailer, where they served the warrant on defendant and arrested him. During the course of the arrest, one of the officers observed certain drug paraphernalia in the living room. Based upon these observations, the officer later signed an affidavit and was issued a search warrant for the trailer. The search of the trailer resulted in the seizure of evidence that formed the basis of the two counts of possession of controlled substances.

Although the post-conviction court held that the arrest warrant was invalid, a ruling that the State does not challenge, it found that probable cause and exigent circumstances existed for a warrantless arrest and held that the subsequent search warrant was valid.

█ At all times material herein, SDCL 23–22–7 provided that:

A peace officer may, without a warrant, arrest a person:

\* \* \* \* \* \*

(2) When the person arrested has committed a felony, although not in his presence;

(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it;

(4) On a charge, made upon reasonable cause, of the commission of a felony by the party arrested.\*

Although warrantless arrests are authorized by this statute, they are not without certain restrictions. We recently held that warrantless arrests and searches are unconstitutional "unless there is a showing by those who seek exemption from the warrant requirement that their actions were reasonable, based on probable cause, and that the exigencies of the situation [make]

---

\* SDCL 23–22–7 was repealed effective July 1, 1979, and has been replaced by SDCL 23A–3–2.

the course imperative." *State v. Max*, 263 N.W.2d 685, 687 (S.D.1978).

The requirement of exigent circumstances imposed by the *Max* case upon the statutorily enumerated circumstances in which a warrantless arrest may lawfully be made has recently been declared by the United States Supreme Court to be mandated by the Fourth Amendment to the United States Constitution. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

In holding that the Fourth Amendment prohibits the police from making a warrantless, nonconsensual entry into a suspect's home to make a routine arrest, the Court found persuasive the following language from the decision of the Court of Appeals for the Second Circuit in *United States v. Reed*, 572 F.2d 412 (2d Cir. 1978):

> To be arrested in the home involves not only the invasion attendant to all arrests but also an invasion of the sanctity of the home. This is simply too substantial an invasion to allow without a warrant, at least in the absence of exigent circumstances, even when it is accomplished under statutory authority and when probable cause is clearly present. (572 F.2d at 423)

445 U.S. at 588–589, 100 S.Ct. at 1381, 63 L.Ed.2d at 652.

■ When viewed in the light of the considerations enumerated in the *Max* case, 263 N.W.2d at 687, the facts in the instant case persuade us that exigent circumstances justifying a warrantless search were not present here. Although the offense for which defendant was sought was certainly not trivial, in view of the substantial period that elapsed between the date of the offense and the date of the arrest it can hardly be said that the charge of distribution of a controlled substance was a grave offense in the sense that immediate action was necessary to apprehend the perpetrator. The offense did not involve violence, and there was no indication that defendant was armed or that he would escape if not apprehended quickly. In short, even though the officers had probable cause to believe that defendant had committed the offense charged, had knowledge that defendant was in the trailer house, and made a peaceable entry, it would strain the meaning of the concept to hold that exigent circumstances existed here. Accordingly, under the principles set forth in *Max* and *Payton*, we must hold that the arrest was unlawful.

■ There remains the question of the validity of the subsequent seizure pursuant to the warrant based upon information acquired as a result of the invalid arrest.

The State's reliance on *United States v. Jarvis*, 560 F.2d 494 (2d Cir. 1977), is misplaced because *Jarvis* applied the "but for" test in analyzing the validity of a seizure of evidence after an illegal arrest. The court in *Jarvis* found the photograph and palmprint of the defendant admissible because the illegal arrest was not the sole method the agents could have used to procure that evidence. "Had the agents waited outside of Jarvis' home, they could have arrested him, when he emerged, based solely on probable cause," and obtained his photo and prints then. 560 F.2d at 498.

In the case at bar, the evidence seized was inside defendant's trailer and would not necessarily have come to the officers' attention but for the warrantless entry into defendant's home. *Jarvis* is thus inapposite. Accordingly, we hold that the evidence seized pursuant to the search warrant should not have been admitted against defendant.

■ With respect to # 12497, the appeal from the conviction on the distribution charge, defendant contends that he should have been granted a trial separate from that on the charges of possession. Defendant concedes that all of the offenses charged were drug related and were thus properly charged in the same information. SDCL 23–32–6 (since repealed by 1978 S.D. Sess.L. ch. 178, § 577; see SDCL 23A–6–23). The denial of a motion for separate trials is a matter within the discretion of the trial court, the exercise of which is subject to reversal only if abused. *State v. Roth*, 269

N.W.2d 808 (S.D.1978); *State v. Van Beek*, 88 S.D. 154, 216 N.W.2d 561 (1974).

Defendant took the stand and denied having made the sale that formed the basis of the distribution charge. He offered no testimony regarding the possession charges, nor was he cross-examined regarding those charges.

We conclude that evidence regarding the several charges was sufficiently simple and distinct and so readily referable to the separate offenses as to reduce to the point of insubstantiality the hazard that the jury would use the evidence cumulatively to convict defendant of all of the charges. *Robinson v. United States*, 459 F.2d 847 (D.C.Cir. 1972); *Baker v. United States*, 401 F.2d 958 (D.C.Cir.1968); *Drew v. United States*, 331 F.2d 85 (D.C.Cir.1964).

 The trial court indicated at the time it ruled on the motion for severance that it would give appropriate instructions concerning defendant's testifying regarding one count and remaining silent on the other two counts. Defendant requested no such instructions, however, and he cannot now be heard to say that the trial court erred in failing to give such instructions. *State v. Barr*, 89 S.D. 280, 232 N.W.2d 257 (1975). The trial court did give the following instruction regarding the jury's duty to determine defendant's guilt or innocence on each count separately:

> The Court further instructs you that there are three separate counts contained in the Information. Each must be considered separately, and you may find the defendant guilty or not guilty, as to either or all of them.

Finally, we note that there is authority for the position that the failure to renew a motion for severance at the close of all of the evidence constitutes a waiver of the objection to a joinder of charges. See, e. g., *Williamson v. United States*, 310 F.2d 192 (9th Cir. 1962); *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972); American Bar Association Standards, Joinder and Severance § 2.1(b) (Approved Draft, 1968).

We conclude, therefore, that defendant's contention that the trial court erred in denying the motion for severance is without merit.

In # 12497, the judgment of conviction on the charge of distribution of a controlled substance is affirmed. In # 12500, the order denying post-conviction relief is reversed, and the case is remanded to the circuit court with directions to set aside the judgment of conviction entered on the conviction on the two counts of possession of a controlled substance.

DUNN, HENDERSON and FOSHEIM, JJ., concur.

MORGAN, J., deeming himself disqualified, did not participate.

