**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Leslie MOELLER, Defendant and Appellant.**

**No. 13057.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1980.

Decided Oct. 29, 1980.

Clair B. Ledbetter, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Donald G. Forgey of Dakota Plains Legal Services, Batesland, for defendant and appellant.

WOLLMAN, Chief Justice.

Defendant Leslie Moeller appeals from a judgment entered on a jury verdict finding him guilty of second-degree burglary. We affirm.

On October 16, 1979, David Gotheridge left his home in Martin, South Dakota, shortly before 1:00 p. m. and returned to work. Shortly thereafter, his wife, Patty Ellison, and her small child also left. At approximately 2:30 p. m., David Gotheridge's mother observed defendant and a companion approach and enter her son's home. They remained in the house about ten minutes and then left. That night Patty Ellison discovered that some beadwork was missing, including a hatband and some medallions. Defendant pawned the hatband that evening.

■ Defendant's contention that the evidence is insufficient to support the conviction is without merit. In determining the sufficiency of the evidence on appeal, the question presented is whether or not there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Dietz*, 264 N.W.2d 509 (S.D. 1978); *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975). In making such a determination, this Court will accept that evidence, and the most favorable inferences that can be fairly drawn therefrom, which will support the verdict. *State v. Dietz*, supra; *State v. Best*, 89 S.D. 227, 232 N.W.2d 447 (1975). All elements of a crime, including intent, can be proved by circumstantial evidence. *State v. Shank*, supra; *State v. Rober*, 86 S.D. 442, 197 N.W.2d 707 (1972); *State v. Peck*, 82 S.D. 561, 150 N.W.2d 725 (1967).

Defendant's second contention is that the trial court erred in refusing to instruct the jury on the lesser included offense of theft.

SDCL 22-32-3 provides in part:

Any person who enters or remains in an occupied structure with intent to commit any crime therein under circumstances not amounting to first degree burglary, is guilty of second degree burglary.

SDCL 22-30A-1 provides that "[a]ny person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft."

■ "[T]he test of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." *State v. Barber*, 83 S.D. 289, 292, 158 N.W.2d 870, 871 (1968) (citations omitted). Conviction under SDCL 22-32-3 does not require proof that the defendant took or exercised control over property with intent to deprive the owner of the property; i. e., consummation of theft is not required to sustain a burglary conviction. *State v. Peck*, supra. Since the offense of burglary with intent to commit theft can be committed without necessarily committing theft, it cannot be said that theft is a lesser included offense of burglary. *State v. Arnold*, 115 Ariz. 421,

565 P.2d 1282 (1977). Accord, *People v. Heard*, 80 Ill.App.3d 701, 400 N.E.2d 65 (1980); *Swaney v. State*, 374 N.E.2d 554 (Ind.Ct.App.1978); *State v. Minton*, 276 Minn. 213, 149 N.W.2d 384 (1967); *Petree v. State*, 530 S.W.2d 90 (Tenn.Cr.App.1975); *Garcia v. State*, 571 S.W.2d 896 (Tex. Cr.App.1978).

The judgment of conviction is affirmed.

All the Justices concur.