**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Michael C. VOGEL, Defendant and Appellant.**

**No. 13431.**

Supreme Court of South Dakota.

Argued Nov. 19, 1981.

Decided Jan. 20, 1982.

Mark Smith, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

James E. McCulloch of Minick, Nelson & McCulloch, Vermillion, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Appellant Michael C. Vogel appeals from a judgment based on a jury verdict finding him guilty of felonious possession of marijuana (one pound or more). We affirm. The facts, as they apply to the two issues, are developed in the decisional aspect of this opinion.

## ISSUES

### I.

Did the trial court err in denying appellant's motion for acquittal? We hold that it did not.

### II.

Can appellant invoke the plain error rule due to an alleged violation of his due process rights, that is, a suppression of evidence? Under the circumstances of this case, we hold that he cannot.

## DECISION

### I.

At trial, appellant did not offer any evidence. Rather, at the conclusion of the State's case, he made a motion for acquittal based upon insufficiency of the evidence. This motion was denied whereupon the case was submitted to the jury. Thus, as both appellant and the State urge in their respective briefs, the principal issue on appeal is whether the record contains sufficient evidence to sustain the jury verdict. *See* *State v. Myott*, 246 N.W.2d 786 (S.D.1976); *State v. Myers*, 88 S.D. 378, 220 N.W.2d 535 (1974).

We recently stated the applicable scope of review on this issue in *State v. Robb*, 303 N.W.2d 368, 370–371 (S.D.1981):

In determining the sufficiency of evidence on appeal, the question is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Moeller*, [298 N.W.2d 93 (S.D.1980)]; *State v. Dietz*, 264 N.W.2d 509 (S.D.1978).

\* \* \* \* \* \*

Also, a verdict of guilty will not be set aside if the State's evidence, considering all favorable inferences drawn therefrom, supports a rational theory of guilt. *State v. Battest*, 295 N.W.2d 739 (S.D.1980); *State v. Dietz*, supra; *State v. Luna*, 264 N.W.2d 485 (S.D.1978).

Appellant maintains that the State established nothing more than his presence at an abandoned farmhouse near Vermillion, South Dakota, wherein approximately seventy-eight pounds of marijuana were found evenly spread over the floor of an upstairs room. It is true that the mere presence of an individual at the scene of a crime does not make him a participant to that crime; it is, however, a circumstance which tends to support a finding that he is a participant and, when combined with additional incriminating facts and circumstances, can establish his guilt. *State v.*

*Robb*, supra; *State v. Schafer*, 297 N.W.2d 473 (S.D.1980).

We believe that the following factors, when combined with the element of presence, supports a rational theory of guilt upon which the jury could have based its verdict.

█ First, when authorities confronted appellant at the aforementioned farmhouse, he was found to have in his possession a "Sherman Turkish Ovals" cigarette box that contained some of the Turkish cigarettes. After appellant was arrested, a deputy sheriff discovered a half-smoked Turkish Oval cigarette in the farmhouse on a staircase leading to the room where the marijuana was located.

Second, a cigarette butt smoked by appellant in his jail cell and the aforementioned Turkish Oval cigarette butt discovered in the farmhouse were both found to contain traces of type "O" saliva. It was established at trial that approximately thirty-five percent of the American population are type "O" secretors, including appellant.

Third, appellant's automobile was parked near the farmhouse at the time of his arrest.

Fourth, when authorities requested (through the loudspeaker on their patrol vehicle) for "Larry" to come out of the farmhouse, appellant walked toward the officers from the direction of a large hole in the northeast corner of the dilapidated structure. Appellant's clothes were soiled and his appearance disheveled. (The authorities originally believed that appellant's automobile belonged to one Larry Steeves.)

And, finally, at the time of his arrest, appellant had on his person a small amount of marijuana, albeit of a lower grade than that found in the farmhouse.

When appellant was asked by the arresting officers what he was doing in the area, appellant replied that he was looking for employment and "checking out" the University of South Dakota campus, which is located in Vermillion. Approximately six miles separate the farmhouse from the U.S.D. campus.

Upon consideration of the evidence presented, and drawing all favorable inferences therefrom, we cannot say that the evidence does not support a rational theory of guilt.

II.

Appellant claims that the prosecution suppressed evidence thus denying him due process. Specifically, appellant argues that the State denied him access to the name of an individual (Elbert Gunderson) who reported to the authorities that he observed a sandy-haired, bearded man near the farmhouse a few days prior to appellant's arrest. This description does not match that of appellant. Gunderson did not testify; his observation was brought out at trial by appellant's trial counsel upon cross-examination of the deputy sheriff to whom Gunderson had reported the incident.

Since this issue was not raised at trial, appellant relies on the plain error rule of SDCL 23A–44–15: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of a court." *See also* SDCL 19–9–6. "[T]he plain error rule must be applied cautiously and only in exceptional circumstances." *State v. Brammer*, 304 N.W.2d 111, 114 (S.D.1981).

█ We do not believe that the circumstances herein rise to the level of plain error. Appellant's counsel was aware of the identity of Gunderson immediately prior to trial, yet no motion for continuance was made. Further, it was appellant, not the State, who disclosed the statement of Gunderson via cross-examination of the deputy sheriff. This Court does "not equate late disclosure with suppression, especially where . . . the trial record indicates that defense counsel made use of the information at trial." *State v. Moves Camp*, 286 N.W.2d 333, 339 (S.D.1979); *State v. Fox*, 313 N.W.2d 38 (S.D.1981). Also, the materiality and exculpatory nature of the testimony in question, when compared with the crime charged and the other evidentiary factors produced at trial, is limited at best.

See *State v. Wilde*, 306 N.W.2d 645 (S.D. 1981); *State v. Hanson*, 278 N.W.2d 198 (S.D.1979).

The judgment of conviction is affirmed.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

FOSHEIM, J., dissents.

FOSHEIM, Justice (dissenting).

I dissent because the majority has failed to establish that there was sufficient evidence before the jury to sustain the defendant's conviction. The majority is correct that mere presence at the scene of a crime is insufficient evidence of guilt but that the combination of presence with other facts and circumstances may establish guilt. However, the majority's list of facts and circumstances which it states support the defendant's guilt when combined with the element of presence fails to establish that required additional evidence of guilt.

The defendant's possession of a lower grade of marijuana than found in the farmhouse and the defendant's reasons for being in the area are irrelevant to the question of whether he was guilty of possession of marijuana of the grade found in the farmhouse.

The fact that the defendant smoked Turkish Oval cigarettes, that a Turkish Oval butt with defendant's type saliva was found in the farmhouse, that the defendant's clothes were dirty, that defendant's car was parked near the farmhouse, and that defendant appeared outside the farmhouse when the police called for Larry are facts which do nothing more than establish the defendant's presence at the farmhouse, which is admittedly inadequate.